IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NO. 6:13-CR-00026-JDK-KNM |
| vs. | § | |
| | § | |
| | § | |
| | § | |
| JOHN RAYMOND MITTS (2) | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On September 5, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Ryan Locker. Defendant was represented by Jason Cassel.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class B felony, Defendant John Raymond Mitts was sentenced on March 24, 2014, by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. In accordance with the plea agreement, the Court sentenced Defendant below the advisory range to imprisonment for a term of 120 months, followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug after-care, mental health treatment, and a $100 special assessment fee. Defendant completed his term of imprisonment and started his term of supervised release on July 16, 2021. The case was re-assigned to United States District Judge Jeremy D. Kernodle on May 22, 2020.

1

### *Allegations*

In the 1st Amended Petition seeking to revoke Defendant's supervised release, filed on March 6, 2023, United States Probation Officer Lupe Saucedo alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on October 19, 2022 for Assault Family Violence, a third-degree felony, in Van Zandt County, Texas.

2. **Allegation 2 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant committed the offense of Continuous Violence Against the Family, a third-degree felony, on or about February 11, 2023, in Van Zandt County, Texas.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing another crime, as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

§ 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 33 to 41 months, capped by the statutory maximum of 3 years.

### *Hearing*

On September 5, 2024, Defendant appeared for a final revocation hearing. Assistant United States Attorney Ryan Locker announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for a term of 30 months, to run concurrent with the sentence imposed in Cause No. CR23-00229 in the 294th District Court of Van Zandt County, Texas, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at a TDCJ facility.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade A supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 30 months, to run concurrent with the sentence imposed in Cause No. CR23-00229 in the 294th District Court of Van Zandt County, Texas, with no further term of supervised release. The recommended sentence represents a slight downward departure from the applicable guideline range, but it is appropriate in consideration of the lengthy state sentence imposed for the same conduct forming the basis of this petition. Any criminal history monetary penalties previously ordered in the final judgment

should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 30 months, to run concurrent with the sentence imposed in Cause No. CR23-00229 in the 294th District Court in Van Zandt County, Texas, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to a TDCJ facility.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 30 months, to run concurrent with the sentence imposed in Cause No. CR23-00229 in the 294th District Court in Van Zandt County, Texas, with no further term of supervised release.

So ORDERED and SIGNED this 5th day of September, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE